SO ORDERED.

Dated: May 15, 2017

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 7 Proceedings |
| DANNIELLE GAILYNN OWENS, | Case No: 2:16-bk-02379-DPC |
| Debtor. | Adversary No. 2:16-ap-00140-DPC |
| DANNIELLE G. OWENS, Plaintiff, | **ORDER DENYING DEBTOR'S MOTIONS** |
| v. | **(1) FOR EXTENSION TO FILE APPEAL PURSUANT TO RULE 8002(d)(1)(B) AND** |
| LSF9 MASTER PARTICIPATION; CALIBER HOME LOANS, INC.; SUMMIT SERVICES AND REALTY, LLC.; and JOHN DOE (INVESTORS) 1-10,000, et al., Defendants. | **(2) WAIVER OF THE APPELLATE FILING FEE IN A CHAPTER 7 CASE** |

On May 1, 2017, Debtor, Dannielle G. Owens ("Owens" or "Debtor"), filed her motion for extension to file appeal pursuant to Rule 8002(d)(1)(B) ("Extension Motion") and her application for waiver of the appellate filing fee in a chapter 7 case ("Motion for Fee Waiver"). The Court denies both of these motions.

The Extension Motion claims Debtor "was unable to file a notice of appeal [of the Court's March 27, 2017 Order] by April 10, 2017 because she could not afford the $298 to file the Notice of Appeal and Plaintiff could not find a fee waiver form in Arizona Bankruptcy Court nor is one mentioned in the Rules." Debtor apparently located a Central District of California form which she then modified and filed with this Court as the Motion for Fee Waiver (DN 141).

The Motion for Fee Waiver requests that this Court enter an order waiving the filing fee on an untimely filed appeal. While it is true the fee to appeal a bankruptcy order from this District to the Bankruptcy Appellate Panel ("BAP") is paid to the Bankruptcy Court for the District of Arizona, if this fee is to be waived, such waiver is a decision to be made by the BAP and not this Court. There is no national bankruptcy rule authorizing this Court to waive any fees on appeal nor, of course, does this District have a local rule authorizing such waiver. In short, there is no authority for this Court to grant Debtor's Motion for Fee Waiver. Since this Court is denying Debtor's Motion for Fee Waiver, her Extension Motion is moot.

Even if this Court could grant Debtor's Motion for Fee Waiver, the Court would nevertheless deny the Extension Motion. Under Bankruptcy Rule 8002(d)(1)(B), the time to appeal may be extended within twenty-one (21) days after the fourteen (14) day time to appeal, if the appellant shows excusable neglect. Debtor has shown this Court no excusable neglect which would justify granting Debtor's Extension Motion. Debtor was aware of the deadline to appeal. Nevertheless, she did not timely file a notice of appeal. Debtor claims she could not afford to pay the $298 appellate filing fee and that she could not find a form to request a fee waiver. As noted above, there is no fee waiver form in this District and, this Court is not at liberty to grant an appellant's request to waive fees on appeal. Accordingly, the Debtor has failed to demonstrate the existence of excusable neglect under Bankruptcy Rule 8002(d)(1)(B).

Based on the foregoing, this Court hereby denies the Extension Motion and the Motion for Fee Waiver.

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**
Interested Parties